Eibels for divorces from bed and board, causa scevitice. Upon the proofs exhibited to the court, in both suits, it was ruled by the court on argument, that where a husband shall maliciously either abandon his family, or turn his wife out of doors, or by cruel and barbarous treatment endanger her life, or offer such indignities to her person as to render her condition intolerable, or life burthensome, and thereby force her to withdraw from his house and family — though the act “concerning divorces and alimony,” sect. 10, p. 668, empowers the justices of the Supreme Court to grant the wife in the first instance a divorce from bed and board, until a reconciliation shall take place, or the husband shall by his *78 ■petition offer to receive and .cohabit with her again, and to use her as a good husband ought to do; yet when it appears from the proofs exhibited, that the husband’s conduct has been of such a nature, that the person of the wife cannot be in safety, the court will grant an absolute divorce from bed and board, notwithstanding any offer on the part of- the husband to receive her again, with promises of better behaviour towards her.
Cited as an analogous case in McClurg’s App., 66 Pa., 373, in which case it was decided that if the court believed a husband’s offer of reconciliation was insincere, it was the duty of the court to give the wife the benefit of the decree to which she was entitled, leaving the husband to his remedy under the Act of Feb. 26, 1817.
Messrs. Wilcocks, Sergeant and M’KLean, pro libellants.
Messrs. Ingersol and Tilghman, pro respondents.
A contrary construction would make the law evidently absurd, and be cruel in the highest degree to unfortunate married women. 'The act is not absolutely compulsory on the court, but it rests in their discretion, under all the circumstances of each case, whether they will permit the husband to receive his wife again, contrary to her consent. Vide 3 Atky. 295.